**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF YORK**

| | |
|---|---|
| ETAN HARRIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>BERLINER & PILSON, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, ETAN HARRIS, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, BERLINER & PILSON ("BERLINER"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**DEFINITIONS**

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**PARTIES**

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New York, County of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. BERLINER is a law firm with offices located at 40 Cutter Mill Road, Suite 308, Great Neck, New York 11201.

8. Upon information and belief, Defendant BERLINER is a law firm that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant BERLINER is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6)

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their

successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class consists of:

- All New York City consumers who were sent letters and/or notices from BERLINER, concerning a debt owed to another, which included the alleged conduct and practices described herein.
- The class definition may be subsequently modified or refined.
- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of standard form letters and/or notices that are sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    - a. Whether Defendants violated various provisions of the FDCPA;

b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. Sometime prior to July 2, 2018, Plaintiff allegedly incurred a financial obligation to 59th STREET ASSOCIATES. ("59th STREET ").

16. The 59th STREET obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are for primarily for personal, family or household purposes.

17. The 59th STREET obligation arose out a transaction which was for Plaintiff personal use and purpose.

18. The 59th STREET obligation did not arise out of a commercial transaction.

19. The 59th STREET obligation did not arise out of a non-personal transaction.

20. On or before July 2, 2018, the 59th STREET alleged that Plaintiff's account was delinquent.

21. At some time prior to July 2, 2018, the 59th STREET obligation was assigned to BERLINER for the purpose of collections.

22. At the time BERLINER received assignment of the 59th STREET obligation, said obligation was past due.

23. At the time BERLINER received assignment of the 59th STREET obligation, said obligation was in default.

24. BERLINER collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

25. BERLINER is a "debt collector" as defined by 15 U.S.C. §1692a(6).

26. On or about July 2, 2018, BERLINER, caused to be delivered to Plaintiff an initial communication concerning the 59th STREET debt. A copy of said letter is annexed hereto as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

27. The July 2, 2018, letter was sent or caused to be sent by persons employed by BERLINER as a "debt collector" as defined by 15 U.S.C. §1692a(6).

28. The July 2, 2018, letter is a "communication" as defined by 15 U.S.C. §1692a(2).

29. The July 2, 2018 letter is a form letter created by BERLINER.

30. Upon receipt of the BERLINER letter dated July 2, 2018, Plaintiff read said letter.

31. BERLINER contends that the alleged obligation is in arrears totaling $7,800.00.

32. Plaintiff does not dispute that the he owes a debt to 59th STREET.

33. Plaintiff disputes at least $900.00 of the amount that 59th STREET claims is owed.

34. The July 2, 2018 letter stated in part:

> This firm has been retained to collect a debt consisting of rent arrears totaling **$7800.00.** Any information obtained will be used for that purpose.
>
> The below named creditor claims that you owe rent arrears as specified. You have 30 days from receipt of this notice to dispute the debt. If you fail to do so, we will assume the debt to be valid. If you timely notify us, in writing, that you do dispute the debt, we will obtain verification of the debt and mail same to you…….

## **POLICIES AND PRACTICES COMPLAINED OF**

35. It is BERLINER'S policy and practice to send written collection communications, in the form annexed hereto as Exhibit A, which violate the FDCPA, by inter alia:

   (a) Failing to provide the proper notices in their initial communication with the consumer pursuant to 15 U.S.C. 1692g(a) *et seq.*;

   (b) Using false representations or deceptive means to collect or attempt to the debt;

36. On information and belief, BERLINER has sent a written communication, in the form annexed hereto as Exhibit A, to at least 40 natural persons in the City of New York between July 9, 2017 and present.

## **COUNT I**

### **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**
### **VIOLATION OF 15 U.S.C. §1692***et seq.*

37. Plaintiff repeats the allegations contained in paragraphs 1 through 36 as if the same were set forth at length.

38. Collection letters and/or notices such as those sent by BERLINER, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39. Section 1692g of the FDCPA states the following in relevant part:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> \*\*\*
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, *or any portion thereof*, the debt will be assumed to be valid by the debt collector; [emphasis added].
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, <u>or any portion thereof</u>, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; [emphasis added].

40. BERLINER violated 15 U.S.C 1692g(a)(3) by stating in the July 2, 2018 letter to Plaintiff:

> You have 30 days from receipt of this notice to dispute the debt. If you fail to do so, we will assume the debt to be valid.

41. Section 1692g(a)(3) of the FDCPA, provides the least sophisticated consumer with opportunity to dispute the validity of a debt or *portion thereof,* with the debt collector.

42. Section 1692g(a)(3) of the FDCPA, prevents a debt collector from assuming the debt is valid if the consumer dispute the debt or *portion thereof.*

43. Section 1692g(a)(3) of the FDCPA, provides that a consumer may dispute only a portion of the debt.

44. Section 1692g(a)(3) of the FDCPA, provides that a consumer may dispute only a portion of the debt and still receive the protections afforded by the statute.

45. BERLINER violated Section 1692g(a)(3) of the FDCPA, by sending Plaintiff the July 2, 2018 letter, which fails provide notice that he could dispute only a portion of the debt.

46. BERLINER violated Section 1692g(a)(3) of the FDCPA, by sending Plaintiff the July 2, 2018 letter, which fails provide notice that should he dispute only a portion of the debt, BERLINER could not assume the debt to be valid.

47. BERLINER violated Section 1692g(a)(3) of the FDCPA, by sending Plaintiff the July 2, 2018 letter, which fails to effectively inform least sophisticated consumer of his rights to dispute the debt or a portion thereof.

48. Plaintiff upon reading July 2, 2018 letter was unsure if he had right to dispute only $900.00 of the $7,800.00 debt.

49. The least sophisticated consumer upon reading the July 2, 2018 letter would be confused and unsure of his legal rights relative to a partial dispute of the debt.

50. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

51. The least sophisticated consumer upon reading the July 2, 2018 letter would be confused as to whether he was required to dispute the entire debt or whether he was permitted to dispute only a portion thereof.

52. The least sophisticated consumer would read the July 2, 2018 letter to have two or meanings, at least one of which is inaccurate.

53. The least sophisticated consumer upon reading the July 2, 2018 and would be confused as to:

      a.) Whether he was permitted to dispute only of portion of the amount of the debt; or

      b.) Whether his dispute has to be as to the entire debt.

54. The least sophisticated consumer upon reading the July 2, 2018 and would be further confused as to:

    a.) Whether a dispute of only a portion of the debt would prevent the debt collector from assuming that the debt is valid; or

    b.) Whether a dispute of only a portion of the debt would prevent the debt collector from assuming that only a portion of the debt is valid.

55. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

56. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

57. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

58. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

59. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

60. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

    (b) Awarding Plaintiff and the Class statutory damages;

    (c) Awarding Plaintiff and the Class actual damages;

    (d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: July 9, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

**BERLINER & PILSON**
ATTORNEYS AT LAW
40 CUTTER MILL ROAD, SUITE 308
GREAT NECK, NY 11021
Phone: (516) 304-5555

Date:  July 2, 2018

To:  Etan Harris

This firm has been retained to collect a debt consisting of rent arrears totaling **$7800.00** Any information obtained will be used for that purpose.

The below named creditor claims that you owe rent arrears as specified. You have 30 days from receipt of this notice to dispute the debt. If you fail to do so, we will assume the debt to be valid. If you timely notify us, in writing, that you do dispute the debt, we will obtain verification of the debt and mail same to you. Upon your written request made within thirty (30) days of the receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This opportunity to dispute the debt is separate from any response that you are required to make or any action you are required to take with respect to any other legal notices you receive. Please respond to any legal notices you may receive within the time frames set forth in those notices.

Creditor: 59th STREET ASSOCIATES
           (A CO-PARTNERSHIP)

FOLD                                                                                           FOLD

Etan Harris

FILE NO:     7
Key Number: